### KEYS *v*. KEYS.

1. DIVORCE—CUSTODY OF CHILD.
    In proceedings for a divorce granted to plaintiff husband, the conclusion of the court below that the best interests of the child will be subserved by awarding his custody to plaintiff, *held*, sustained by the record.

2. SAME—MODIFICATION OF DECREE—JURISDICTION—STATUTES.
    Under the provisions of 3 Comp. Laws 1915, § 11408, the court below had the right to entertain a motion for a rehearing, which was, in effect, a petition to revise and alter a decree respecting the care, custody, and maintenance of a minor child.

3. SAME—EVIDENCE—DECREE JUSTIFIED BY RECORD.
    That the child, nearly 13 years of age, was examined by the court without being sworn, is insufficient to reverse a decree awarding the custody of said child to the father, where the decree is justified by the record.

Appeal from Wayne; Codd. (George P.), J. Submitted June 9, 1920. (Docket No. 13.) Decided July 20, 1920.

Bill by A. Russel Keys against Katherine G. Keys for a divorce. There was a decree for plaintiff and the custody of a child was given him. Defendant

afterwards petitioned for the partial custody of the child, and the decree was so modified. From an order rescinding such modification on petition for rehearing, defendant appeals. Affirmed.

*Frederic T. Harward*, for plaintiff.

*Warren, Cady, Ladd & Hill* (*Justin R. Whiting*, of counsel), for defendant.

CLARK, J. In October, 1910, in the Wayne circuit, plaintiff, A. Russel Keys, was granted a divorce from defendant, Katherine G. Keys. The decree states that the property rights of the parties were settled by agreement and that the bill was taken as confessed by the defendant. The plaintiff was given the custody of the child, John Godfrey Keys, then nearly 4 years of age, until he should reach the age of 21 years, or until the further order of the court. The decree also provided for defendant's seeing the child from time to time as the parties might agree. Since the entry of the decree defendant has been a resident of Georgia. She married again in 1912, her name now being Katherine G. Strachan. In the interval between the entry of the decree and defendant's second marriage plaintiff twice permitted the child to visit defendant in Georgia, the plaintiff claiming that this was upon the assurance of an aunt of defendant, residing in Georgia, that the child would have proper care and attention. After defendant's second marriage no further trips to Georgia were made by the child. Several years later plaintiff also married. In June, 1918, defendant filed in said court and cause a petition to modify the decree by providing that defendant have the right to have the child visit her at her home in Georgia, or at such other place as the court may determine, for two months in each year. Upon hearing the decree was modified as prayed. Plaintiff then filed a motion for rehearing praying that the order

modifying the decree be set aside. Another hearing was had. Testimony was taken. The child, then nearly 13 years of age, seemingly not sworn, examined by the court, stated that he preferred to stay with his father and did not want to go with his mother.

The prayer of plaintiff's petition was granted. The order modifying the decree was set aside and the decree, as originally entered, allowed to stand. Defendant has appealed. We have examined the record with care, and conclude, as did the trial court, that the best interests of the child will be subserved by awarding his custody to the father. We are of the opinion that no good would follow a reiteration of the testimony in the case and therefore omit a discussion of the merits.

Complaint is made that the court was wrong in granting the motion for a rehearing. The motion was in effect a petition to revise and alter the decree respecting the care, custody and maintenance of the child which the court had a right to entertain under the provisions of 3 Comp. Laws 1915, § 11408.

Complaint is also made of the examination of the child by the court and of the reversal of the order made upon the first hearing. Language used in *Stone v. Stone,* 161 Mich., at page 566, is applicable here:

"There is abundance of testimony to warrant the finding of the trial judge, that is neither hearsay nor incompetent. Neither the fact that he examined the children unsworn, nor the fact that he was influenced by the conduct of the complainant in or out of court, nor his preliminary order as to custody of the children, will justify the reversal of a decree or order which is plainly right as shown by the record alone, and this is such a case."

The order appealed from is affirmed. No costs will follow.

MOORE, C. J., and STEERE, BROOKE, FELLOWS, STONE, BIRD, and SHARPE, JJ., concurred.